IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CGC ROYALTY INVESTMENTS I, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | |
| § | |
| BLUEWATER MOORINGS, LLC, § | |
| ORDER MANAGEMENT SYSTEMS, § | No. 3:16-cv-899-D |
| LLC, INNOVATE 360 DALLAS § | |
| ACQUISITION, LLC, THE § | |
| INNOVATION FACTORY, INC., and § | |
| TIMOTHY J. SOMMERS, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**[1]

Plaintiff CGC Royalty Investments I, LLC ("Plaintiff" or "Cypress") has filed a Motion to Compel Discovery from Defendants, *see* Dkt. No. 29 (the "MTC"), seeking an order compelling discovery and for imposition of sanctions and request for attorneys' fees on Defendants Order Management Systems, LLC ("OMS, LLC"), Innovate 360 Dallas Acquisition, LLC ("Innovate 360 Dallas"), The Innovation Factory, Inc. ("The Innovation Factory"), and Timothy J. Sommers ("Sommers") (collectively, "Defendants")

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

for Defendants' willful, intentional violations of the discovery rules and abuse of the discovery process.

United States District Judge Sidney A. Fitzwater has referred the motion to the undersigned United States magistrate judge for a hearing, if necessary, and determination pursuant to 28 U.S.C. § 636(b)(1)(A). *See* Dkt. No. 31. The Court determines that a hearing is not necessary.

Defendants have not responded to the motion, and their time to do so has passed. *See* N.D. TEX. L. CIV. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

For the reasons explained below, the Court GRANTS in part and DENIES in part on Cypress's Motion to Compel Discovery from Defendants [Dkt. No. 29].

**Background**

In its MTC, Cypress explains that it "filed a lawsuit against Defendants bringing claims for breach of contract, fraud, and violation of the Uniform Fraudulent Transfer Act." Dkt. No. 29 at 2. On September 6, 2016, Cypress served Plaintiff's First Set of Interrogatories (the "Interrogatories"), Plaintiff's First Requests for Production (the "Requests for Production"), and Plaintiff's First Request for Admissions ("Requests for Admissions") on Defendants (collectively, the "Discovery Requests"). According to Cypress, Defendants' responses and objections to the Discovery Requests were due October 6, 2016.

Cypress then explains the course of the parties' communications regarding the Discovery Requests:

3. On October 5, 2016, Defendants requested "an extension of time until Thursday, October 20, 2016 to provide responses to Plaintiff's outstanding Requests for Production, Requests for Admission and Interrogatories to Defendants." (Appx. 024, Correspondence from Defendants' counsel, dated October 5, 2016). Plaintiff granted the request.

4. On October 20, 2016, Plaintiff did not receive objections or responses to the Discovery Requests from any of the Defendants. Consequently, on October 25, 2016, counsel for Plaintiff called and emailed Defendants' counsel inquiring as to when Plaintiff could expect to receive Defendants' objections and responses to Plaintiff's Discovery Requests. (Appx. 025, Email from Plaintiff's counsel to Defendants' counsel). Counsel for Plaintiff did not receive a response to the inquiry made.

5. On October 31, 2016, counsel for Plaintiff, again called Defendants' counsel. During the call, Defendants' counsel represented that Plaintiff could expect to receive objections and responses to Plaintiff's Discovery Requests by November 4, 2016 if not before. That same day, Defendants' counsel served Defendants' Responses to Plaintiff's First Request for Admissions and confirmed that "Defendants anticipate[d] serving their Answers to Interrogatories and Requests for Production by November 4, 2016." (Appx. 026, Correspondence from Defendants' counsel to Plaintiff's counsel).

6. On November 4, 2016, Plaintiff did not receive Defendants' objections and responses to the Interrogatories or the Requests for Production.

7. On November 6, 2016, without explanation as to the delay, Plaintiff received Defendants' objections and responses to the Interrogatories. (Appx. 027-035, Defendant's Responses to Plaintiff's First Set of Interrogatories). Plaintiff did not, however, receive Defendants' objection and responses to Plaintiff's First Requests for Production or a single document.

8. On November 10, 2016, after reviewing Defendants' Responses to the Interrogatories, counsel for Plaintiff attempted to contact Defendants' counsel to discuss deficiencies in Defendants' Interrogatory responses. (Appx. 036, Emailed from Plaintiff's counsel to Defendants' counsel).

9. On or about November 15, 2016, Plaintiffs' counsel had still not received a response from Defendants' counsel regarding Defendants' deficient Interrogatory responses, and therefore counsel for Plaintiff again reached out to Defendants' counsel, sua sponte. During a telephone call, counsel for the parties discussed the Interrogatory responses as well as Defendants' failure to provide Plaintiff with responses and objections to its First Requests for Production.

> 10. On November 18, 2016, Plaintiff's counsel followed up with correspondence to Defendants' counsel summarizing the issues that were previously discussed and requesting that they be cured by November 30, 2016. (Appx. 037-038, Correspondence from Plaintiff's counsel to Defendants' counsel).
> 11. To date, Defendants have not made any attempt to respond to the November 18, 2016 correspondence or to cure the discovery issues.

*Id.* at 2-4 (footnote omitted). Cypress also explains that, "[o]n October 13, 2016, Defendant Bluewater filed a Notice of Bankruptcy Filing and of Automatic Stay and on October 17, 2016 this Court issued an Order administratively closing the case as it relates to Defendant Bluewater only" and that, "[t]herefore, Plaintiff does not seek to compel objections and responses from Bluewater Moorings, LLC." *Id.* at 2 n.1

Cypress now "moves this Court to: Compel Defendants' complete responses to Plaintiff's Interrogatories Nos. 3, 4, [10,] 16, and 17; and Compel written responses and the production of all documents that are responsive to Plaintiff's First Request for Production to Defendants." *Id.* at 2. And, "pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiff respectfully requests the Court award Plaintiff its reasonable expenses, including attorneys' fees, related to the filing of this" MTC. *Id.* at 9.

## Legal Standards

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure,

answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

And, in response to an interrogatory under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(3)-(4).

And, in response to an interrogatory under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(3)-(4).

A party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of its objection to a request, and, if it does not, it waives the objection. *See OrchestrateHR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016) (citing *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)), *objections overruled*, No. 3:13-cv-2110-KS, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

Federal Rules of Civil Procedure Rules 26(b), 26(c), and 34 have been amended, effective December 1, 2015. Rule 26(b)(1) now provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

For the reasons the Court has previously explained, the Court concludes that the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 463-69 (N.D. Tex. 2015). Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Federal Rule of Civil Procedure 26(b) by coming forward with

specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery, to prevail on a motion to compel, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; that party is also subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P.

26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

But the amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Federal Rule of Civil Procedure 37(a)(5)(B)-(C) further provides in pertinent part that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the

motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

## Analysis

I.   <u>Interrogatory Nos. 3 and 4</u>

Cypress contends that "Defendants have asserted meritless objections to Plaintiff's Interrogatories Nos. 3 and 4," which provide:

- Interrogatory No. 3: Identify the website address of each entity owned by Defendants or in which Defendants have a financial interest.

- Interrogatory No. 4: List all legal names, assumed names, and to d/b/a designations for Defendants or any entity of which Defendants are a member, partner, or officer and the dates that Defendants or that entity held those names.

Dkt. No. 29 at 4-5. Cypress contends that "Interrogatory No. 3 addresses the identification of the website address of each entity owned by Defendants or in which Defendants have a financial interest" and that "[t]his information is key to Plaintiff's ability to determine the true ownership, as well as the purported ownership, of the proprietary OMS Software, which is relevant to Plaintiff's fraud and fraudulent transfer act claims" "because, as stated in Plaintiff's Amended Complaint, Sommers continues to publicly represent that he owns the proprietary software despite the

representation that Bluewater sold the Software." *Id.* at 5. And, according to Cypress. "Interrogatory No. 4 seeks the Defendants' relationship to other entities, which are currently unknown but which may include 'The Last Kilometer Co.,'" which "information is also relevant to Plaintiff's fraud claim and uniform fraudulent transfer act claim," where, "[a]s stated in Plaintiff's Amended Complaint the company to which the proprietary software was allegedly sold to, The Last Kilometer CO, 'does not exist, or in the alternative, the transfer did not occur or was to an insider as evidenced by the fact that Sommers … has retained control over the software after the alleged transfer.'" *Id.* at 6 (quoting Plaintiff's Amended Complaint, ¶ 38).

> Defendants served the same answer to both Interrogatories Nos. 3 and 4:
>
> Defendants object to this interrogatory to the extent that it seeks information that is not relevant, admissible, or reasonably calculated to lead to the discovery of admissible evidence and is therefore outside the scope of permissible discovery as provided by the Federal Rules of Civil Procedure.
> Defendants also object to this interrogatory on the basis that it is overly broad, unduly burdensome, insufficiently limited in time and scope, and constitutes an impermissible 'fishing expedition in contravention of the Federal Rules of Civil Procedure.

*Id.* at 5.

The Court determines that the interrogatories seek discoverable information that is properly within Rule 26(b)'s scope and overrules all of Defendants' objections Plaintiff's Interrogatories Nos. 3 and 4. Defendants have served only are unsupported boilerplate objections that violate Rule 33(b)(4)'s specificity mandate. Further, Defendants have waived these objections, if they were ever valid and viable, by failing to press and support them in response to the MTC.

II.   Interrogatory Nos. 10 and 16

Cypress contends that "Defendants' answers to Interrogatories Nos. 10 and 16 are evasive, and therefore pursuant to FED. R. CIV. P. 37(4)(A) Defendants have failed to respond." *Id.* at 6. Defendants answered as follows:

- Interrogatory No. 10: Identify the current owner of the OMS Software.
Answer: The software was sold to The Last Kilometer in November 2014
- Interrogatory No. 16: Identify and describe in detail any and all documents, communications, and negotiations related to Factory's investment in Bluewater.
Answer: Factory did not invest in Bluewater

*Id.*

According to Cypress, "[w]ith regards to Interrogatory No. 10, Defendants' response is evasive because rather than identify the current owner of the OMS Software, as requested, Defendants merely state who the software was sold to in 2014" and "do so without even attempting to provide any indication as to whether they believe the Last Kilometer is the current owner of the software." *Id.* (emphasis removed).

And, Cypress argues, "[a]s it relates to Interrogatory No. 16, by Factory's own admission in paragraph 74 of Factory's Answer and Counterclaims to Plaintiff's First Amended Complaint, Factory did in fact invest in Bluewater, albeit it be through Innovate 360." *Id.* According to Cypress, it therefore "is entitled to a full and accurate response from Defendants whether Defendants choose to provide such by identifying and describing any documents, communications, or negotiations relating to the Factory's investment in Bluewater or by identifying and producing relevant business records, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure." *Id.* at 7.

The Court agrees. Defendants' answer is evasive and non-responsive to Interrogatory No. 16, which broadly and properly asks about "any and all documents, communications, and negotiations related to Factory's investment in Bluewater." And Defendants' answer to Interrogatory No. 10 is evasive and therefore no answer at all for precisely the reasons that Cypress explains. *See* FED. R. CIV. P. 37(a)(4).

III.  Interrogatory No. 17

Cypress contends that "Defendants' objection to Interrogatory No. 17 is improper." *Id.* Defendants answered as follows:

- Interrogatory No. 17: Identify all documents which reflect or would support any damages Defendants are claiming in this Lawsuit.
  Answer: Defendants object to this interrogatory to the extent that it purports to require Plaintiff to marshal all their available proof or the testimony that Defendant and Counter-Claimants intend to offer at trial.

*Id.*

Cypress argues that Federal Rule of Civil Procedure "26(a)(1)(A)(iii) requires that, even without a discovery request, party claiming damages must provide to the other parties a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *Id.* (internal quotation marks omitted). According to Cypress, "[t]his requirement suggest[s] that an early disclosure of damage claims is contemplated by the Rules, and therefore Defendants must fully respond to

Plaintiff's Interrogatory No. 17," "either by providing a description as requested or by complying with FED. R. CIV. P. 33(d)." *Id.*

There is a difference between providing a computation of damages that a party seeks and requiring a party to identify every document that "reflect or would support any damages" that a party is claiming. The latter does exceed the permissible scope of discovery under Rule 26(b)(1).

Accordingly, the Court will deny Cypress's motion as to Plaintiff's Interrogatory No. 17.

IV.   Requests for Production

Cypress contends that "Defendants have failed to timely provide their Responses to Plaintiff's Requests for Production by October 20, 2016"; that "[t]he Requests for Production are aimed at the heart of Plaintiff's claims, Defendants Sommers' and Factory's counterclaims, and Defendants' defenses"; and that "Defendants' failure to respond to the outstanding Requests is highly prejudicial to Plaintiff in its ability to depose Defendants, its preparation of dispositive motions in this case, and its preparation for trial." *Id.* at 7-8. "Accordingly, Plaintiff requests that the Court compel Defendants to provide written responses and responsive documents to the outstanding Requests for Production immediately." *Id.* at 8.

By failing to serve any timely responses and objections to Cypress's Rule 34 requests, Defendants have waived any objections. "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

If a party fails to timely respond in writing after being served with a request for production of documents, it is appropriate for the Court to find that the party's objections are waived, unless the court finds good cause and excuses th at failure. *See, e.g., id.* ("We readily agree with the district court that as a general rule, when a party fails to object timely to ... production requests ... objections thereto are waived."); *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, Civ. No. H-7-2426, 2008 WL 2036816, at *5 (S.D. Tex. May 9, 2008) ("Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.") (internal quotation marks omitted). And Defendants have not timely responded to the MTC and so have not provided the Court with any basis or grounds to find good cause to excuse Defendants' failure to timely respond, answer, or object to Plaintiff's Requests for Production.

V.     Request for Award of Expenses

Cypress also seeks an award of its attorneys' fees and costs incurred in bringing its MTC.

As explained above, Rule 37(a)(5)(A) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or

objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Rule 37(a)(5)(C) further provides that, if, as here, the motion to compel is granted in part and denied in part, the Court "may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Similarly, Federal Rule of Civil Procedure 37(d) provides that, where "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response," the Court, "[i]nstead of or in addition to [other Rule 37(d)(3)] sanctions, ... must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust," so long as the "motion for sanctions for failing to answer or respond ... include[s] a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." FED. R. CIV. P. 37(d)(1)-(3).

The Court does not find that Cypress filed its Motion to Compel Discovery before attempting in good faith to obtain the discovery without court action.

But the Court will grant Defendants until **February 1, 2017** to file a response to Cypress's request for an order requiring Defendants to pay Cypress, as a sanction as required by Rule 37(a)(5) or Rule 37(d), the expenses, including attorneys' fees, that Cypress incurred in bringing its MTC. In the response, Defendants should fully explain how their failure to previously serve responses and answers was "substantially

justified" or whether other circumstances make an award of expenses under Rule 37(a)(5) or 37(d)(3) unjust.

Cypress may file a reply in support of its request for an award of expenses under Rule 37(a)(5) or 37(d)(3) by **February 15, 2017**.

The Court defers ruling on Cypress's request for an award of expenses under Federal Rule of Civil Procedure 37 pending this additional briefing.

## Conclusion

For the reasons and to the extent explained above, the Court the Court GRANTS in part and DENIES in part on Cypress's Motion to Compel Discovery from Defendants [Dkt. No. 29].

The Court ORDERS Defendants Order Management Systems, LLC, Innovate 360 Dallas Acquisition, LLC, The Innovation Factory, Inc., and Timothy J. Sommers

- to, by **January 20, 2017**, serve on Plaintiff CGC Royalty Investments I, LLC complete answers to Plaintiff's Interrogatories Nos. 3, 4, 10, and 16 and written responses to Plaintiff's First Request for Production to Defendants and

- to, by **January 31, 2017**, produce to Plaintiff CGC Royalty Investments I, LLC all documents, including electronically stored information, responsive to Plaintiff's First Request for Production to Defendants.

A privilege log must be produced by **January 31, 2017** for any documents, communications, or other materials withheld from production on the grounds of attorney-client privilege, work product, or other privilege, immunity, or protection. *See* FED. R. CIV. P. 26(b)(5).

SO ORDERED.

DATED: January 11, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE